UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

G.S. 2,

                Petitioner,

    v.

LAURA HERMOSILLO, *et al.*,

                Respondents.

Case No. C25-2705-MLP

ORDER

The Court granted Petitioner's petition for writ of habeas corpus after concluding that Respondents violated his procedural due process rights under the Fifth Amendment to the United States Constitution. (Dkt. # 13.) Petitioner now moves for an award of fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), and, in the alternative, under the Court's bad-faith authority. (Dkt. # 16.) Respondents oppose the motion, arguing that fees are unwarranted because Respondents' position was substantially justified. (Dkt. # 19.) Petitioner filed a reply. (Dkt. # 20.) Having considered the parties' briefing and the balance of the record, the Court finds that Respondents' position was not substantially justified and that the requested statutory fees are appropriate.

ORDER - 1

## I.    LEGAL STANDARD

"The EAJA provides . . . that in an action brought by or against the United States, a court must award fees and expenses to a prevailing non-government party 'unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.'" *Medina Tovar v. Zuchowski*, 41 F.4th 1085, 1089 (9th Cir. 2022) (quoting 28 U.S.C. § 2412(d)(1)(A)). "It is the government's burden to show that its position was substantially justified." *Id.* Substantially justified means "justified to a degree that could satisfy a reasonable person." *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). The court examines "both the government's litigation position and the underlying agency action giving rise to the civil action." *Id.* Whether the government's position was substantially justified is a matter of discretion for the district court. *Id.* at 869.

Here, there is no dispute that Petitioner is the prevailing party. The Court therefore addresses Respondents' contention that its position was substantially justified.

## II.    DISCUSSION

Respondents argue that their litigation position was substantially justified because Petitioner was subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and due process did not require a pre-deprivation hearing before his redetention. (Dkt. # 19 at 3.) Respondents emphasize that the Fifth and Eighth Circuits have endorsed its view and that the then-leading case in this District, *E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1324 (W.D. Wash 2025), shows only that there is no categorical requirement for pre-deprivation hearings. (Dkt. # 19 at 3-5 (citing *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. 2026); *Avila v. Bondi*, 170

F.4th 1128 (8th Cir. 2026)).) On this basis, Respondents maintain that the outcome of this litigation was not a foregone conclusion. (*Id.*)

The Court is not persuaded. The overwhelming weight of authority in this District holds that noncitizens who have been released from detention and are living in the community may not be redetained without due process. *See*, *e.g.*, *E.A. T.-B.*, 795 F. Supp. 3d at 1324; *Ledesma Gonzalez v. Bostok*, 808 F. Supp. 3d 1189, 1203-04 (W.D. Wash. 2025); *Ramirez Tesara v. Wamsley*, 800 F. Supp. 3d 1130, 1136-38 (W.D. Wash 2025); *Rodriguez v. Bostock*, 802 F. Supp. 3d 1297, 1336 (W.D. Wash. 2025); *Kumar v. Wamsley*, 2025 WL 2677089 at *2-4 (W.D. Wash. Sept. 17, 2025). Neither this case nor *E.A. T.-B.* purported to announce a new rule; instead, they applied longstanding due process principles to a change in agency interpretation and practice that federal courts have overwhelmingly rejected, both before and after this case was resolved. *See Ramirez Tesara v. Hernandez*, 2026 WL 1506097, at *2 (W.D. Wash. May 29, 2026). Accordingly, even if Respondents' litigation position could be viewed as substantially justified in light of unsettled appellate authority, their underlying agency action was not. *Id*.

Because Respondents' position was not substantially justified, Petitioner's motion for attorney's fees (dkt. # 16) is GRANTED.[1] Petitioner is awarded statutory attorney's fees and costs in the amount of $8,787.64 pursuant to 28 U.S.C. § 2412(d), subject to any offset as described in *Astrue v. Ratliff*, 560 U.S. 586 (2010).

Dated this <u>12th</u> day of June, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge

---

[1] Because the Court grants fees under the EAJA, it does not reach Petitioner's alternative request for fees under the Court's bad-faith authority. (Dkt. # 16.)

ORDER - 3